## S. T. Scott v. The State.

INFORMATIONS. — Appellant was tried for misdemeanor before any jurat was affixed to the complaint or affidavit on which the information was based. *Held*, that there was no legal information, and the trial was a nullity. It was not competent for the officer to obviate the defect by putting the jurat to the complaint after the trial was had.

APPEAL from the County Court of Harrison. Tried below before the Hon. G. LANE, County Judge.

The conviction was for unlawfully pulling down the fence of another, and a fine of $10 was assessed against the appellant.

*Pope & Pope*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J.   In this case the jurat of the county attorney was affixed to the complaint upon which the information was based after the trial and conviction.   To all of this the appellant objected, and saved the point by bill.

There was no complaint unless it was sworn to, and that fact shown by the jurat of the proper officer.   This not having been done, there was no legal information, and consequently the trial was a nullity.   Nor does the affixing of the jurat after the trial heal these defects.   The judgment is therefore reversed and the case dismissed

*Reversed and dismissed.*